## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 23 2016, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel N. Begly,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 23, 2016<br><br>Court of Appeals Case No.<br>20A03-1602-CR-381<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Evan S. Roberts, Judge<br><br>Trial Court Cause No.<br>20D01-1508-F5-199 |

**Bailey, Judge.**

# Case Summary

Daniel N. Begly ("Begly") was convicted after a jury trial of Stalking, as a Level 5 felony.[1]  The trial court sentenced him to a six-year term of imprisonment. He now appeals, raising for our review the sole issue of whether his sentence was inappropriate in light of the nature of his offense and his character.

We affirm.

# Facts and Procedural History

In 2015, Begly and Shellbie Begly ("Shellbie") had been married for several years.  Shellbie filed for divorce and on March 5, 2015, in the context of that proceeding, Shellbie obtained a no-contact order as to Begly.  The no-contact order barred Begly from directly or indirectly contacting Shellbie.  Prohibited communications included engaging in "acts of harassment, stalking, intimidation, threats, and physical force of any kind."  (Ex. 101; Tr. 612-13.)  A second no-contact order with similar requirements was later entered against Begly as a provision of pretrial release from custody in a separate criminal case.

On May 16, 2015, Shellbie was at the New Paris Speedway in Elkhart County. With Shellbie was her then-boyfriend, Andrew Vance ("Vance").  At various points during the day, Shellbie received text messages from Begly.  Initially, the

---

[1] Ind. Code § 35-45-10-5(b)(3).

messages were at least tangentially related to issues concerning parenting time arrangements, though the messages centered on Begly's anger at Shellbie for blog posts concerning their divorce, as well as litigation Begly claimed to be initiating against third parties. Shellbie eventually indicated that she would not continue to discuss the issues, but Begly continued to send text messages in which he insisted that the no-contact order was unconstitutional and that he did not need to abide by it. On the evening of May 16, Begly again sent text messages to Shellbie that indicated that Begly was close enough to Shellbie at the New Paris Speedway that Begly could describe the clothing Vance was wearing.

[5] In response to these messages, Shellbie called police, and Elkhart Sheriff's Deputy Cory Oswald responded. As a result of Shellbie's call, an investigation began into Begly's conduct.

[6] Shortly after this, on May 26, 2015, Begly sent a message to Shellbie through Facebook demanding full custody of the children or reunification with Shellbie. This message ended, "YOU ARE RUINING LIVES SHELLBIE. ….IVE BEEN WATCHING THE WHOLE TIME….THIS WEEK IS THE END OF YOUR BULL S[**]T GAMES!!!!!! SEMPER FIDELIS." (Ex. 9.) Soon after, Begly began sending text messages to Shellbie. Shellbie reminded him of the no-contact order; Begly again disputed the order's validity and told Shellbie that calling police was a waste of time because "no amount of judges or police or no contact orders would ever stop me from loving you." (Ex. 13.) In response to

Shellbie telling him to contact her lawyer, Begly stated, "Good. Luck. ..rip." (Ex. 12.)

[7] On August 21, 2015, the State charged Begly with Stalking and Invasion of Privacy, as a Class A misdemeanor.[2]

[8] A jury trial was conducted on January 5, 6, and 7, 2016. At its conclusion, the jury found Begly guilty as charged. Both during the trial and after the jury delivered its verdict, Begly engaged in disruptive behavior in court that led the trial court to find him in direct contempt of court. Begly was sentenced to a 180-day term of imprisonment as a result of this conduct.

[9] Subsequent to this, a sentencing hearing was conducted on January 19, 2016. At the hearing, the trial court entered judgment of conviction against Begly for Stalking, but did not enter judgment upon the Invasion of Privacy verdict. During the sentencing hearing, Shellbie testified concerning the effect of Begly's conduct upon her and the couple's children.

[10] During the sentencing hearing, the trial court requested that counsel for the parties approach the bench. At that point, Begly turned around to face Shellbie and told her, "You're next." (Tr. at 1165.) Both Shellbie and her mother testified as to Begly's conduct in this regard, after which the State moved for Begly to show cause why he should not be held in contempt of court for

---

[2] I.C. § 35-46-1-15.1(12).

continuing to violate no-contact orders. Begly continued to be disrespectful of the court during the sentencing hearing.

[11] At the conclusion of the sentencing hearing, the trial court sentenced Begly to six years imprisonment for Stalking in addition to the 180-day term of imprisonment for contempt of court.

[12] This appeal ensued.

# Discussion and Decision

[13] Begly appeals his sentence, arguing that it was inappropriate under Appellate Rule 7(B). The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

Begly was convicted of Stalking, as a Level 5 felony. The sentencing range for a Level 5 felony runs from one to six years, with an advisory term of three years. I.C. § 35-50-2-6(b). Begly received the maximum possible sentence of six years.

Turning first to the nature of Begly's offense, Begly did not simply violate a no-contact order on one occasion. Instead, he repeatedly violated no-contact orders as to Shellbie on multiple days. His messages repeatedly disputed the validity of the no-contact orders themselves, and, in the context of a divorce proceeding, threatened Shellbie with loss of her children. Begly also followed Shellbie on at least one occasion, and threatened others with whom Shellbie was acquainted. This alone would make an aggravated sentence not inappropriate.

Begly's appeal fares even worse when we look to his character. Begly was on numerous occasions referred to juvenile court and he was twice adjudicated a delinquent, including an adjudication for conduct that, if committed by an adult, would constitute the offense of Intimidation. As an adult, Begly has had numerous contacts with law enforcement and the courts, including a conviction for felony-level Theft. After his Theft conviction, Begly violated probation. At the time of the instant offense, Begly faced charges in other proceedings for Domestic Battery, Attempted Kidnapping, Battery against a public safety official, Resisting Law Enforcement with a deadly weapon, Battery, and Interference with Custody of a child. Throughout the instant proceedings at the trial court, Begly engaged in behavior that led to a finding that he was in

contempt of court, and he continued to issue threats to Shellbie even as he was being sentenced in this case. Indeed, even if, as Begly suggests, we were to set aside the question of his contumacious conduct at court, his character does not render inappropriate an aggravated sentence.

[17] Having reviewed the record concerning the nature of Begly's offense and his character, we cannot conclude that his six-year sentence was inappropriate.

[18] Affirmed.

Riley, J., and Barnes, J., concur.